**FILED**

APR 2 6 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

1  Wiendi Morgan
   P.O. Box 693605
2  Stockton Ca. 95269
   (408)518-9916
3  wiendimorgan@gmail.com

4

5              UNITED STATES DISTRICT COURT

6          FOR THE EASTERN DISTRICT OF CALIFORNIA

7  WIENDI MORGAN & JS (minor)          Case No.:

8         PLAINTIFFS'Ss                2: 2 1 - CV - 7 4 7  TLN JDPPS

9              v.                       **COMPLAINT: 42 U.S.C. §1983:**

10 SPD OFFICER K. WONG , STOCKTON
   POLICE DEPARTMENT, CITY OF         **U.S. Constitution Amendments 5th, 8th, and**
11 STOCKTON, AND DOES 1-10            **14th.  California Constitution Sections §§ 7,**
                                       **17. Cal. Penal Code §118.1, and Civil Code**
12         Defendant                   **§45**

13

14

15              **Jurisdiction**

16

17  1.  This is an action for damages pursuant to 42 U.S.C. § 1983 based upon the violation of

18      PLAINTIFFS'SS rights under the 5th, 8th, 14th Amendments of the United States

19      Constitution.  Jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1343 based on 42

20      U.S.C. § 1983 and questions of federal constitutional law.  Jurisdiction exists under the

21      Declaratory Judgment Act, 28 U.S.C. §§ 2201 (a) and 2202.  Supplemental jurisdiction

22      over PLAINTIFFS'S's state law claims is pursuant to 28 U.S.C. § 1983.

23

24  2.  Venue is proper in the Eastern District in the events and conduct complained of herein

25      all occurred in the Eastern District.

26

27

28

                    COMPLAINT  - 1

## PRELIMINARY STATEMENT

3. **Stockton Police Department Mission statement** "To work in partnership with our community, to build and maintain relationships founded on trust ad mutual respect, while reducing crime and improving quality of life."

4. Stockton Police Department Policies and Procedures are in place to prevent abuse of authority and to help officers navigate the law and enforce the laws of the state of California in such a way as to prevent the abuse of law while acting under the color of law.  As stated in *Anderson v. Warner* 451 F.3d 1063 (9th Cir. 2006) "*Even if the deprivation represents an abuse of authority or lies outside the authority of the official, if the official is acting within the scope of his or her employment, the person is still acting under color of state law.*" See also *McDade v. West*, 223 F.3d, 1135 (9th Cir. 2000), *Shah v. County of Los Angeles*, 797 F.2d, 743, 746 (9th Cir. 1986)

5. The greatest of evils takes place when law enforcement officers overstep the legal limitations of their power in an effort to make a case and knowingly violate the Constitutional Rights of the minor and the adult who is responsible for them.  Law enforcement is held in a position of trust and therefore violates the public's trust when they use their powers while acting under color of law to break the law.

6. The officer responding to a reported or suspected child abuse allegation made by an individual is required to follow procedures, from getting the reporting persons statement and then opening an investigation if the facts are found to be substantiated to justify the need for an investigation.  There are procedures in place that require officers to work in concert with Child Protective Services.

7. The superiors of law enforcement officers oversee the work of officers under their command to prevent issues especially with regards to the delicate balance required when it comes to minors. There are numerous issues that have to be navigated and rules and regulations to follow when an officer is interacting with a minor to prevent issues further down the line and to foster trust.

## PARTIES

**PLAINTIFFS'S**

**Wiendi Morgan**

8. PLAINTIFFS'SS , Wiendi Morgan and JS, (hereinafter "PLAINTIFFS'SS") are individuals who are currently, and was at all relevant times herein, a resident of the State of California, County of San Joaquin, City of Stockton.

9. On or about November 4, 2019 JS ran away from home and met up with a girl and her mother at Target located at 4707 Pacific Avenue, Stockton Ca. 95209. When the girl and her mother picked JS up he refused to give his address and they called the police, concerning him running away from home. **(Exhibit A – JS Affidavit)**

10. The owner Alicia Perry of the business Three Seeds located at 1411 W. Fremont Street, Stockton Ca. 95202 then took JS a minor into the business which was closed and had been for hours it was after 9:14 p.m. at night.

11. JS waited for the police to get there and had the expectation that they would take him home or to the police station to question him about why he ran away. Instead Stockton Police SPD Officer K. Wong came inside of the closed building and JS was locked inside.

12. JS was held inside of the Three Seeds for 3+ hours.  SPD Officer K. Wong failed to contact Ms. Morgan to let her know that JS was with him at the time of her calling to report him as a runaway.

13. When SPD Officer K. Wong brought JS home at about 1 a.m. and lied to PLAINTIFFS'S and told her that he had located JS at Target on Pacific Avenue due to the expensiveness of his shoes.  SPD Officer K. Wong then stated that "I had to convince JS to get into the car after I asked him "Do you know Wiendi Morgan?" when in actuality he had held him falsely imprisoned at a closed business until well after midnight.  The original call was made at 9:14 p.m. by Alicia Perry and the officer quickly responded.

14. On November 24, 2019 CPS called PLAINTIFFS'S to tell her that there was a report of child abuse and they were opening an investigation, and a visit was scheduled for November 26, 2019.  The investigation was closed after talking to minor who stated to CPS that the officer had threatened him and so he lied in order to be able to come home.

15. SPD Officer K. Wong did file a false police report in which he stated that JS did state that PLAINTIFFS'S abused him willingly, when as stated in Exhibit A, JS stated that he was threatened by SPD Officer K. Wong.

Police Rules and Regulation Chapter III- Duty and Conduct Sections

> 3.02- **Obedience to Laws, Rules, and Regulations**: "*Member shall not, whether on or off duty, negligently. Knowingly, or intentionally commit any act which results in the commission of a criminal act or violates any law or Department policy, rule, regulation, or procedure*";

3.04 **Truthfulness – Subsection C**: "*No Member shall falsely make any type of official report, either orally or in writing, or knowingly enter or cause to be entered any inaccurate, false, or improper information on the books, records, or registers of the Department.*"

16. The PLAINTIFFS'S's Constitutional Rights were violated and thereby bringing about harm mentally and emotionally due to the illegal conduct of SPD Officer K. Wong and the Stockton Police Department who readily participated in the deprivation of the rights and protections afforded PLAINTIFFS'SS under the U.S. Constitution 5th, 8th, and 14th Amendments and the California Constitution §§ 7 and 17. The failure of DEFENDANTS to give to PLAINTIFFS'S equal protection under the law, thereby causing mental and emotional harm which amounts to cruel and unusual punishment which was forced on PLAINTIFFS'SS.

**DEFENDANTS**

**Stockton Police Officer K. Wong**

17. Defendants and **SPD Officer K. Wong,** is being sued in his official and individual capacity and is respectively a Police Officer for the Stockton Police Department. They are the individual employee of DEFENDANTS City of Stockton who is directly responsible for the PLAINTIFFS'SS deprivation of rights under the United States Constitution 5th, 8th, and 14th Amendment, in regards to filing a false police report and false CPS report in direct violation of California Penal Code §118.

18. DEFENDANTS **City of Stockton** is a municipal entity with the capacity to sue and be sued. The Defendant has Stockton Police Department who is governed by the City of Stockton and its employees who have engaged in the acts complained of herein

pursuant to policies, practices and customs of the City of Stockton located at 425 N. El

Dorado Street, Stockton Ca. 95202

19. Defendant **Stockton Police Department** is a municipal entity with the capacity to sue

and be sued.  The Defendant is under the City of Stockton and therefore governed by

the CITY, and the employees who have engaged in the acts complained herein pursuant

to policies, practices and customs of Stockton Police Department.

20. Each of the DEFENDANTS, their employees and agents, participated personally in the

unlawful conduct challenged herein and, to the extent that they did not personally

participate, authorized, acquiesced, set in motion, or otherwise failed to take necessary

steps to prevent the acts that resulted in the unlawful conduct and harm suffered by

PLAINTIFFS'SS.  Each acted in concert with each other and the challenged acts

caused the violation and continued violation of PLAINTIFFS'SS harm and rights.

21. The identities and capacities of DEFENDANTS Does 1 through 10 are presently

unknown to PLAINTIFFS'S, and on this basis, PLAINTIFFS'S sues these

DEFENDANTS by fictitious names.  PLAINTIFFS'S will amend the Complaint to

substitute the true names and capacities of the Doe DEFENDANTS when ascertained.

PLAINTIFFS'S is informed, believes, and thereon alleges that Does 1 through 10 is,

and was at all times relevant herein, employees and/or agents of the Defendant City and

are responsible for the acts and omissions complained of herein.  DEFENDANTS Does

1 through 10 are sued in both their official and individual capacities.

### FIRST CAUSE OF ACTION
**Right to Due Process of Law and Equal Protection under Law**
**42 U.S.C. § 1983 – Fifth and Fourteenth Amendment; California Article I § 7**

22. PLAINTIFFS'SS re-allege and incorporate the allegations set forth in the preceding paragraphs 1 through 15 as though fully set forth herein

23. DEFENDANTS and their employees and agents violated PLAINTIFFS'SS 5th and 14th Amendment rights under the U.S. Constitution and California Constitution Articles I § 7, with regards to due process rights and equal protection of the laws, by failure to investigate the conduct of employees who filed a false police report with the intent to bring about harm and filed a false CPS report with the intent to have minor JS removed from the custody of PLAINTIFFS'S who had raised him more than half his life and stood in the position of psychological parent.

24. DEFENDANTS and their employees and agents violated PLAINTIFFS'SS rights to be free from the violation and deprivation of her constitutional rights while acting under color of law in an attempt to cover up the wrongful acts of SPD Officer K. Wong, while violating the rights of PLAINTIFFS'S willfully, purposely and knowingly.

25. These unlawful actions were done with the specific intent to deprive PLAINTIFFS'S of her constitutional rights to life, liberty, due process of law and equal protections under the law.

26. PLAINTIFFS'S is informed and believes that the acts of DEFENDANTS and their employees and agents were intentional in failing to protect and preserve PLAINTIFFS'SS due process rights and equal protections under the law. DEFENDANTS were deliberately indifferent to the likely consequences that the minor would be removed from PLAINTIFFS'SS custody.

27. Despite the well-defined duty, DEFENDANTS provided PLAINTIFFS'S with lies and false platitudes, and no copies of reports, but with each interaction with the City of Stockton and its employees there were attempts to justify and cover for the actions of SPD Officer K. Wong.

28. As a direct and proximate consequence of these unlawful acts, PLAINTIFFS'S has suffered and continues to suffer loss of her minor child and is entitled to compensatory damages for her mental and emotional suffering, violation of her Constitutional Rights while acting under color of law brought about due to the actions of DEFENDANTS. PLAINTIFFS'S is currently fighting for the return of minor JS return to her custody.

## SECOND CAUSE OF ACTION
### Cruel and Unusual Punishment; 42 U.S.C. § 1983
### Eighth Amendment; Article I § 17

29. PLAINTIFFS'S re-alleges and incorporates the allegations set forth in the preceding paragraphs 1 through 15 as though fully set forth herein.

30. DEFENDANTS, there employees and agents, owed PLAINTIFFS'S a duty under the Eighth Amendment of the U.S. Constitution and California Constitution Article I § 7 to protect PLAINTIFFS'S from cruel and unusual punishment. The duty applied to preventing the removal of minor illegally based on a false police report filed knowingly and purposely by SPD Officer K. Wong.

31. Despite the well-defined rules and regulations governing the actions of City of Stockton employees, DEFENDANTS failed to act to prevent the actions of their employees and agents thereby contributing to the pain and suffering of PLAINTIFFS'S and JS. DEFENDANTS did seek to cover for the wrongful and illegal conduct, despite having knowledge of SPD Officer K. Wong's actions concerning JS and Ms. Morgan.

COMPLAINT - 8

32. PLAINTIFFS'S is informed and believes that the acts of the DEFENDANTS, their employees and agents, were intentional in failing to protect the PLAINTIFFS'S from cruel and unusual punishment for a crime or allegation that was not true, and the filing of false under penalty of perjury documentation on two occasions by City employees. Defendant was deliberately indifferent to the likelihood that PLAINTIFFS'S would suffer harm and would lose custody of the minor JS based on their actions.

33. As a direct and proximate consequence of the acts of DEFENDANTS agents and employees, PLAINTIFFS'S has suffered and continues to suffer the loss of custody of minor JS and the familial relationship and is entitled to compensatory damages for the injury to her person as PLAINTIFFS'S is currently fighting to have custody returned to her.

### THIRD CAUSE OF ACTION
**Violation of Civil Rights:**
**California Penal Code § 118**

34. PLAINTIFFS'S re-alleges and incorporates the allegations set forth in the preceding paragraphs 1 through 15 as though fully set forth herein.

35. DEFENDANTS agents and employees have purposely created false and fraudulent paperwork under penalty of perjury which was submitted to CPS for the sole purpose of bringing about legal harm and mental and emotional harm to PLAINTIFFS'S.

36. DEFENDANTS agents and employees used their status as trusted individuals of the Stockton Police Department to violate the rights of PLAINTIFFS'S secured under the U.S. Constitution and the California Constitution and the statutory laws of the State of California.

37. PLAINTIFFS'S is entitled to injunction pursuant to California Penal Code § 118.

PLAINTIFFS'S is entitled to damages.  PLAINTIFFS'S has filed government claims

and Citizens Complaints with the City and Stockton Police Department.  In the

handling of said claims each has denied any wrongdoing.

## FOURTH CAUSE OF ACTION
### California Civil Code § 45
### Libel

38. PLAINTIFFS'S re-alleges and incorporates the allegations set forth in the preceding

paragraphs 1 through 15 as though fully set forth herein.

39. DEFENDANTS policies, practices and conduct challenged herein violated the

California Civil Code § 45, in that the DEFENDANTS agent and employees failed to

protect PLAINTIFFS'S from reputed harm associated with the written police reports

and CPS report filed by City worker SPD Officer K. Wong, and failed to protect and

prevent the deprivation and libel committed on the PLAINTIFFS'S through the false

police reports and allegations.

40. As a direct and proximate consequence of the acts of DEFENDANTS agents, and

employees, PLAINTIFFS'S has suffered and continues to the loss of custody and the

pain of fighting to have the minor returned to her custody.  The purposeful and

intentional libel against PLAINTIFFS'S has brought about interference and harm to

familial relationship with regards to minor and PLAINTIFFS'S both being harmed.

41. Therefore PLAINTIFFS'S is entitled to compensatory damages for the injury suffered

to her person.

**FIFTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**

42. PLAINTIFFS'S re-alleges and incorporates the allegations set forth in the preceding paragraphs 1 through 15 as though fully set forth herein.

43. DEFENDANTS agents and employees did act with intent to violate the rights of PLAINTIFFS'S under color of law and did conspire to bring about legal harm and to and deprive PLAINTIFFS'S of her rights under the U.S. Constitution 5th, 8th and 14th Amendments and California Constitution Article I §§ 7, 17, California Penal Code 118 and California Code of Civil Procedure § 45.

44. PLAINTIFFS'S is informed and believes that the acts of DEFENDANTS, their employees and agents, were intentional in failing to protect the rights of PLAINTIFFS'S. DEFENDANTS were deliberately indifferent to the likely consequences that minor Jaheim Spikes would be removed and that emotional and mental anguish and hurt would take place due to the false allegations and false police and CPS reports.

45. As a direct and proximate consequence of the acts of DEFENDANTS agnets and employees, PLAINTIFFS'S has suffered and continues to suffer the temporary loss of minor Jaheim Spikes and the familial relationship and is entitled to compensatory damages for the injury to her and JS person.

## INJUNCTIVE RELIEF

46. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs 1-15 as though fully set forth herein.

47. A real and immediate difference exists between Plaintiff and Defendants regarding Plaintiff's rights and Defendants obligation to protect her from harm due to the illegal and harmful actions taken by Defendants based on false police report and CPS reports supplied.

48. Defendant's policies and actions have resulted and will continue to result in irreparable injury to Plaintiff. There are plain, adequate and complete remedies at law to address the wrongs described herein. Unless restrained by the court, Defendants will continue to allow for the false police and CPS reports to remain on the record without an injunction requiring the correct reporting to CPS and removal from Stockton Police Department Records.

49. Defendants acts alleged above violated established constitutional rights of Plaintiff and Defendants could not reasonably have thought that the conduct of their agents and employees in submitting under penalty of perjury, false police and CPS reports was lawful.

50. An actual controversy exists between Plaintiff and Defendants in that Defendants, their agents and employees, have engaged in unlawful and unconstitutional acts alleged herin and intent to continue to do so. Plaintiffs claim that these acts are contrary to law and seek a declaration of their rights with regard to this controversy.

51. As a direct and proximate consequence of the acts of Defendant's agents and employees, Plaintiff and minor have suffered and will continue to suffer damages

through injury to their person until Plaintiff has minor back in her lawful custody since

based on the reports by SPD Officer K. Wong the life, mental and emotional well-being

of Plaintiff has been directly affected.

**WHEREFORE**, Plaintiff prays as follows:

1.  For a preliminary injunction, enjoining and restraining Defendants from engaging in the policies, practices and conduct complained of herein;

2.  For a declaratory judgment that Defendants policies, practices and conduct as alleged herein violates the Plaintiffs rights under the U.S. Constitution and California Constitution and the laws of the state of California;

3.  For an order directing Defendants to remove false police report and CPS report from records and to notify CPS and Plaintiff in writing of the corrections to the record pertaining to the wrongful actions taken against Plaintiff.

4.  For compensatory damages in the amount of $1,000,000.00


Date April 23, 2021


[Wiendi Morgan]
In Pro Per


COMPLAINT - 14