1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  WIENDI MORGAN, *et al.*, | Case No.  2:21-cv-00747-TLN-JDP (PS) |
| 12                  Plaintiffs, | ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS |
| 13          v. | ECF No. 2 |
| 14  K. WONG, *et al.*, | SCREENING ORDER AND ORDER TO SHOW CAUSE WHY PLAINTIFFS' COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION |
| 15                  Defendants. |  |
| 16 |  |
| 17 | ECF No. 1 |
| 18 | RESPONSE DUE WITHIN 30 DAYS |

19

20        Plaintiff Wiendi Morgan seeks to bring a 1983 suit on behalf of herself and a minor child,

21  plaintiff J.S., against the City of Stockton, the Stockton Police Department, and K. Wong, who is

22  a police officer, in relation to a child custody dispute.  Morgan claims that defendants allowed

23  false police reports to be filed against her that caused Morgan to lose custody of J.S.  This is

24  Morgan's second lawsuit in this court that challenges the state proceedings in her child custody

25  dispute.  Plaintiffs seek to enjoin defendants from using false police reports, have those reports

26  removed from child protective service's records and corrected, and one million dollars in

27  damages.  Because this court does not have jurisdiction to overturn state custody determinations, I

28  will order plaintiffs to show cause why this case should not be dismissed.

1

1   Plaintiff Morgan moves to proceed without prepayment of filing fees, ECF No. 2.

2   Plaintiff Morgan's affidavit satisfies the requirements to proceed without prepayment of fees. *See*

3   28 U.S.C. § 1915(a). Thus, the motion, ECF No. 2, is granted.

4   Having granted plaintiff's motion to proceed *in forma pauperis*, this complaint is now

5   subject to screening under 28 U.S.C. § 1915(e). A complaint must contain a short and plain

6   statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to

7   state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

8   (2007). The plausibility standard does not require detailed allegations, but legal conclusions do

9   not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the

10  court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at

11  679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l*

12  *Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a

13  set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*,

14  469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

15  The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404

16  U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it

17  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

18  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

19  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

20  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

21  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

22  As an initial matter, the complaint is captioned with both Wiendi Morgan and the minor

23  J.S. as plaintiffs, but Morgan is the only signatory on the complaint. ECF No. 1 at 1, 14. The

24  Ninth Circuit has determined that although a non-attorney may appear *pro se* on her own behalf,

25  that privilege is personal to her and she has no authority to appear as an attorney for others. *C.E.*

26  *Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Simon v. Hartford Life,*

27  *Inc.,* 546 F.3d 661, 664 (9th Cir. 2008). "[A] parent or guardian cannot bring an action on behalf

28  of a minor child without retaining a lawyer." *Johns v. County of San Diego,* 114 F.3d 874, 877

2

1    (9th Cir. 1997).  Therefore, plaintiffs are advised that minor J.S. must be represented by retained

2    counsel if this action is to proceed on his behalf.

3          Turning to plaintiffs' substantive claims, the Rooker-Feldman doctrine prohibits this court

4    from exercising subject matter jurisdiction over any case that is so "inextricably intertwined" with

5    a state court judgment that the federal case would function as a de facto appeal of a state

6    judgment.  *Cooper v. Ramos*, 704 F.3d 772, 778-79 (9th Cir. 2012).  A case is "inextricably

7    intertwined" with a state court judgment "[w]here federal relief can only be predicated upon a

8    conviction that the state court was wrong."  *Id.* at 779 (internal quotation marks and citations

9    omitted).  Under the Rooker-Feldman doctrine, federal courts lack jurisdiction to evaluate the

10   propriety of state-court decisions regarding the validity or extent of parental rights.  *See Ismail v.*

11   *County of Orange*, 693 F. App'x 507, 512 (9th Cir. 2017) (holding that the Rooker-Feldman

12   doctrine barred the plaintiff's § 1983 claims against county social workers for constitutional

13   violations relating to submitting false reports to the juvenile court that terminated the plaintiff's

14   parental rights); *Safouane v. Fleck*, 226 F. App'x 753, 758 (9th Cir. 2007) (affirming dismissal

15   under the Rooker-Feldman doctrine, based on the federal court's lack of jurisdiction to determine

16   the validity of state court parental rights proceedings).

17         In *Ismail*, plaintiff appealed the district court's dismissal of her claims against the county,

18   social workers employed by the county, and the adoptive parents of her biological child.  *Ismail*,

19   693 F. App'x at 509.  Plaintiff claimed that social workers had "deprived her of various

20   constitutional rights by submitting false reports to the juvenile court," resulting in erroneous

21   determinations by the court.  *Id.*  On de novo review, the Ninth Circuit upheld dismissal of those

22   claims under the Rooker-Feldman doctrine, reasoning that plaintiff's claims of fraud could have

23   been raised in state court—and indeed had been.  *Id.* at 510.

24         Here, plaintiff Morgan seeks to regain custody of minor plaintiff J.S. despite state court

25   proceedings that terminated her parental rights.  She claims that police officers submitted false

26   reports that the state court relied upon, not unlike the situation in *Ismail*.  This court does not have

27   jurisdiction over constitutional claims regarding the termination of parental rights in state court

28   proceedings.  Therefore, plaintiffs are ordered to show cause why this case should not be

3

dismissed for lack of jurisdiction.[1]  Failure to respond to this order will result in dismissal of this case.

Accordingly, it is hereby ordered that:

1.    Plaintiff Morgan's motion to proceed in forma pauperis, ECF No. 2, is granted.

2.    Plaintiffs are ordered to show cause within thirty days as to why this case should not be dismissed for lack of jurisdiction.

3.    Plaintiff J.S. must be represented by counsel for this action to proceed on his behalf.

IT IS SO ORDERED.

Dated:     November 23, 2021                    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiffs also assert various state law claims.  In a civil action where a district court has original jurisdiction but the claims over which the federal court has original jurisdiction are abandoned or dismissed, the court "may decline to exercise supplemental jurisdiction" over the related state law claims.  28 U.S.C. § 1367(c).  The decision to retain or decline jurisdiction must be made in light of "the objectives of economy, convenience and fairness to the parties, and comity." *Trustees of Constr. Indus. and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925, 64 F. App'x 60 (9th Cir. 2003).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).  If a plaintiff does not state any federal claims, the court will decline to exercise supplemental jurisdiction over her state law claims. *Parra v. PacifiCare of Ariz. Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013) ("[O]nce the district court, at an early stage of the litigation, dismissed the only claim over which it had original jurisdiction, it did not abuse its discretion in also dismissing the remaining claims.").