UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WIENDI MORGAN, *et al.*,<br><br>            Plaintiff,<br><br>       v.<br><br>K. WONG, *et al.*,<br><br>            Defendants. | Case No.  2:21-cv-00747-TLN-JDP (PS)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HER COMPLAINT SUBJECT TO DISMISSAL, OR<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 6<br><br>THIRTY-DAY DEADLINE |

Plaintiff filed an amended complaint alleging claims against K. Wong, a police officer, Stockton Police Department, and the City of Stockton.  Her complaint, however, fails to state a claim.  I will give plaintiff a final chance to amend her complaint before recommending dismissal.

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

1  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that in the evening of November 4, 2019, her minor son, J.S., ran away from home to meet up with a girl and her mother. ECF No. 6 at 3. After the girl and mother notified law enforcement that J.S. had run away from home, J.S waited inside a business—which had closed for the day—for police to arrive. Defendant K. Wong, a Stockton police officer, responded to the call and drove to J.S.'s location. Plaintiff alleges that rather than taking J.S. home or to the police station, Wong locked J.S. inside the building for more than three hours. *Id*. at 3-4. When Wong eventually took J.S. home, he lied to plaintiff to conceal that he had falsely imprisoned J.S. for several hours. *Id*.

Approximately three weeks later, plaintiff received a call from Child Protective Services ("CPS") informing her that the agency had received a report concerning child abuse and had opened an investigation. *Id*. at 4. CPS closed their investigation after talking to J.S., who claimed that Wong had threatened and lied to him. *Id.* Plaintiff appears to allege that the investigation was commenced because Wong filed a police report that falsely accused Morgan of abusing J.S. *Id.*

These allegations do not state a claim for relief. As an initial matter, plaintiff—who is proceeding without counsel—purports to assert claims on behalf of herself and her minor child

1   J.S. Pro se litigants, however, cannot assert claims on behalf of others. *See Simon v. Hartford*
2   *Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (pro se plaintiffs are generally prohibited "from
3   pursuing claims on behalf of others in a representative capacity"); *Johns v. Cnty. of San Diego*,
4   114 F.3d 874, 876 (9th Cir. 1997) (a parent may not bring suit on behalf of a minor child without
5   first retaining an attorney).

6   More fundamentally, plaintiff's allegations are insufficient to state either due process
7   claims—procedural or substantive—or a claim for violation of her equal protection rights. To
8   state a substantive or procedural due process claim, plaintiff must show, at a minimum, that a
9   state actor deprived her of life, liberty, or a property interest. *See Shank v. Dressel*, 540 F.3d
10  1082, 1087 ("To state a substantive due process claim, the plaintiff must show as a threshold
11  matter that a state actor deprived it of a constitutionally protected life, liberty or property
12  interest."); *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003) (a procedural due process claim
13  requires a plaintiff to allege facts showing: "(1) a deprivation of a constitutionally protected
14  liberty or property interest, and (2) a denial of adequate procedural protections"). Plaintiff has
15  pleaded no such deprivation. Plaintiff also fails to state an equal protection claim because she
16  does not allege that she belonged to a protected class or that defendants discriminated against her
17  because of her membership in such a class. *See Lee v. City of Los Angeles*, 250 F.3d 668, 686
18  (9th Cir. 2001) (holding that a plaintiff generally establishes an equal protection claim by
19  showing that a defendant has intentionally discriminated on the basis of the plaintiff's
20  membership in a protected class).

21  Lastly, plaintiff alleges state law claims for violations of California Penal Code § 118
22  (knowingly providing false testimony while under oath), California Civil Code § 45 (libel), and
23  intentional infliction of emotional distress. ECF No. 6 at 7-9. Plaintiff, however, has yet to assert
24  a properly pleaded federal cause of action that would permit supplemental jurisdiction over her
25  state law claims. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all
26  civil actions arising under the Constitution, laws, or treaties of the United States), 1367(a) (where
27  the district court has original jurisdiction, it "shall have supplemental jurisdiction over all other
28  claims that are so related to claims in the action within such original jurisdiction . . . ").

1  Furthermore, the complaint suggests that both plaintiff and defendants are citizens of California
2  and therefore that diversity jurisdiction is lacking. ECF No. 6 at 5-6; *see* 28 U.S.C. § 1332
3  (noting that a district court has diversity jurisdiction where the parties are diverse and "the matter
4  in controversy exceeds the sum or value of $ 75,000, exclusive of interests and costs").

5       I will allow plaintiff a chance to amend her complaint before recommending that this
6  action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint
7  will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th
8  Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face
9  without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended
10 complaint is filed, the current complaint no longer serves any function. Therefore, in an amended
11 complaint, as in an original complaint, plaintiff will need to assert each claim and allege each
12 defendant's involvement in sufficient detail. The amended complaint should be titled "Second
13 Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an
14 amended complaint, I will recommend that this action be dismissed.

15      Accordingly, it is hereby ORDERED that:

16      1. Within thirty days from the service of this order, plaintiff must either file an
17 amended complaint or advise the court that she wishes to stand by her current complaint. If she
18 selects the latter option, I will recommend that this action be dismissed.

19      2. Failure to comply with this order will result in the dismissal of this action.

20      3. The Clerk of Court is directed to send plaintiff a new form complaint.

IT IS SO ORDERED.

Dated:    January 23, 2023                            
                                       JEREMY D. PETERSON
                                       UNITED STATES MAGISTRATE JUDGE